IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEINALD V. PARNELL, Petitioner, vs. SCOTT R. FRAKES, Respondent. | **8:19CV32** **MEMORANDUM AND ORDER** |

This matter is before the court on preliminary review of Petitioner Keinald V. Parnell's Petition for Writ of Habeas Corpus (filing no. 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

Claim One: Petitioner's convictions for false imprisonment and terroristic threats are unconstitutional because there is insufficient evidence to support the convictions.

Claim Two: Petitioner was denied effective assistance of counsel *because* trial counsel **(1)** waived Petitioner's right to be present at arraignment without consulting Petitioner; **(2)** failed to file a motion to quash or dismiss the charges against Petitioner because Petitioner was charged and held for eight months under an incorrect name; **(3)** failed to assert Petitioner's speedy trial rights; **(4)** failed to file any motion regarding the trial court judge holding a second preliminary hearing; **(5)** failed to challenge the admission of the "altered" knife evidence; **(6)** failed to move to suppress the gun found eleven days after

Petitioner was in jail; **(7)** failed to investigate and subpoena phone records and text messages to prove collusion between the victim and his mother; and **(8)** failed to call Officer Passo and Officer Joe Choquette to testify at trial.

Claim Three: Petitioner was denied effective assistance of counsel *because* appellate counsel **(1)** failed to consult or communicate with Petitioner regarding his appeal *and* failed to raise on appeal **(2)** "the confrontation clause pertaining to . . . OFFICER ANDREW PASSO" (filing no. 1 at CM/ECF pp. 14–15); **(3)** judicial misconduct because the trial court judge held a second preliminary hearing to add three weapons charges; **(4)** prosecutorial misconduct because the State allowed evidence planted by the victim, failed to call key witnesses, and used perjured testimony; **(5)** the fact that Petitioner was incarcerated for eight months prior to trial under his son's name; **(6)** that Officer Choquette was never called to testify; **(7)** error in admission of the gun evidence because Petitioner did not live or ever reside where the weapon was found; and **(8)** error in jury instructions No. 4 and No. 7 (*see id*. at CM/ECF pp. 18, 54–55).

Claim Four: Petitioner's convictions were obtained through prosecutorial misconduct because the State **(1)** failed to call Officer Andrew Passo who was the first responding officer; **(2)** allowed planted evidence to be presented against Petitioner; **(3)** failed to do anything to rectify the victim's perjured testimony; and **(4)** failed to call Officer Choquette regarding D.N.A. evidence.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought. **Respondent should be mindful of and, if necessary, respond to Petitioner's assertions of "actual innocence" based on insufficient evidence to the extent Petitioner relies on such allegations to excuse any procedural bar.**[1]

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (filing no. 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **July 18, 2019**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **July 18, 2019**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

---

[1] While Petitioner frames his "actual innocence" allegations as an independent claim, "[t]he actual innocence showing excuses a procedural bar. It does not constitute an independent substantive claim." Brian R. Means, *Federal Habeas Manual* § 9B:84 (West 2019) (citing *Herrera v. Collins*, 506 U.S. 390 (1993)).

4

A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By **July 18, 2019**, Respondent must file all state court records that are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **August 19, 2019**: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 3rd day of June, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge