IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEINALD V. PARNELL,<br><br>            Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES,<br><br>            Respondent. | 8:19CV32<br><br>MEMORANDUM AND ORDER |

      This closed federal habeas matter under 28 U.S.C. § 2254 is before the Court on Petitioner Keinald V. Parnell's correspondence filed on August 15, 2025, which the Court liberally construes as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Filing No. 42. For the reasons below, the Motion will be denied.

## I. BACKGROUND

      On January 24, 2019, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his convictions for burglary, terroristic threats, and false imprisonment for which he was sentenced to 30 to 30 years' imprisonment. Filing No. 1. On December 19, 2019, the late Honorable Richard G. Kopf dismissed the petition with prejudice, concluding Petitioner's claims either failed on the merits or were procedurally defaulted without excuse. Filing No. 20. Petitioner appealed, and the Eighth Circuit Court of Appeals denied his application for a certificate of appealability and dismissed the appeal on May 18, 2020, and issued its mandate on July 30, 2020. Filing No. 35; Filing No. 37.

      Approximately five years after the conclusion of these habeas proceedings, Petitioner filed the present motion. Filing No. 42. Liberally construed, Petitioner seeks

relief from the judgment in this case because his conviction was based on the victim's perjured testimony, he received ineffective assistance of counsel, and there was insufficient evidence to support his convictions. Petitioner attached to his motion typed copies of the same claims for relief he included in his petition. Compare Filing No. 42 at 4–17, with Filing No. 1 at 6–7, 10–13, 15–18, 21–24.

## II.  DISCUSSION

A prisoner may file a second or successive petition under § 2254 only after obtaining authorization to do so from the appropriate United States Court of Appeals. 28 U.S.C. § 2244(b)(3). The Eighth Circuit has directed that where a prisoner files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should file the motion and then conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, it should dismiss the motion for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 60(b) motion to the Court of Appeals. *Boyd*, 304 F.3d at 814.

As the Eighth Circuit has explained,

> A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. For the purpose of determining whether the motion is a habeas corpus application, claim is defined as an "asserted federal basis for relief from a state court's judgment of conviction" or as an attack on the "federal court's previous resolution of the claim *on the merits*." *Gonzalez [v. Crosby]*, 545 U.S. [524,] 530, 532 [(2005)]. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id*. at 532 n.4, 125 S.Ct. 2641. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA [Antiterrorism and Effective Death Penalty Act].

2

> No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *Id*. at 532, 125 S.Ct. 2641. Likewise, a motion does not attack a federal court's determination on the merits if it "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id*. at n.4.

*Ward v. Norris*, 577 F.3d 925, 933 (8th Cir. 2009) (emphasis in original).

Here, Petitioner essentially reasserts the same grounds for relief from his judgment of conviction that he previously raised in his habeas petition and which Judge Kopf considered and rejected. Thus, Petitioner's motion constitutes a successive petition as it raises claims that seek to "contest[ ] the same custody imposed by the same judgment of [the] state court" that Petitioner challenged in his petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). The Court therefore lacks jurisdiction over the claims in Petitioner's motion because Petitioner has not sought permission from the Eighth Circuit Court of Appeals to file a successive petition.

IT IS THEREFORE ORDERED that: Petitioner's correspondence, construed as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), Filing No. 42, is denied.

Dated this 20th day of October, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

3